UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN ESTRACA and RICHARD KEN BARERRA, on behalf of themselves and other similarly situated, | § § § § | No. 5:16–CV–310–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| ROCKWATER ENERGY SOLUTIONS, INC., | § § § | |
| Defendant. | § § § | |

ORDER DENYING LEAVE TO AMEND COMPLAINT

On June 10, 2016, Plaintiffs Juan Estraca and Richard Ken Barerra

(collectively, "Plaintiffs") filed an Opposed Motion for Leave to File a First

Amended Collective/Class Action Complaint.  (Dkt. # 11.)  Pursuant to Local Rule

7(h), the Court finds this matter suitable for disposition without a hearing.  W.D.

Tex. Civ. R. 7(h).  For the reasons that follow, the Court **DENIES** Plaintiffs'

Motion for Leave to Amend (Dkt. # 11).

Plaintiffs allege that they were employed by Defendant Rockwater

Energy Solutions, Inc. ("Rockwater") as flowback well testers.[1]  ("Compl.," Dkt.

---

[1] According to Plaintiffs, flowback well testers are responsible for setting up and taking down equipment at hydraulic fracturing drilling sites, measuring and recording "flowback" from these sites, and troubleshooting issues with the wells. (Compl. ¶¶ 13, 15.)

1

# 1 ¶¶ 9–11.)  According to Plaintiffs, each team of flowback well testers was led by a team leader; each team was typically sent to a frac site for a period of one to two weeks.  (Id. ¶ 16–17.)  While on assignment at a frac site, Plaintiffs allege that flowback well testers are assigned one 12-hour "active duty" shift per day, but are required to work outside of these scheduled shifts from time to time, and are required to reside in trailers on the frac site when they were not on shift.  (Id. ¶¶ 17–18.)  Plaintiffs state that Rockwater contractually agreed to pay flowback well testers an hourly rate, with an overtime rate of one and one-half times the regular rate for hours worked in excess of 40 hours per week, and that flowback well testers would be paid 24 hours per day during assignments to frac sites.  (Id. ¶ 19.)  However, Plaintiffs allege that Rockwater repeatedly failed to pay Plaintiffs for the 24-hour day, in violation of the contract.  (Id. ¶ 23.)

On March 28, 2016, Plaintiffs filed their original complaint, alleging that Rockwater had violated the overtime pay requirement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 and seeking to bring a collective action under the FLSA.  (Compl. ¶¶ 31–36.)  Plaintiffs also alleged a claim for breach of contract due to Rockwater's failure to compensate Plaintiffs without deductions for off-duty hours (id. ¶¶ 37–41), and a claim for quantum meruit for furnishing services to Defendant which were accepted and for which payment was reasonably expected.  (Id. ¶¶ 42–46.)

Plaintiffs seek leave to amend their complaint to add a class action complaint to pursue their breach of contract and quantum meruit claims.  (Dkt. # 11.)  On June 17, 2016, Defendants filed a Response objecting to the proposed amendment, arguing that the claims are preempted by the FLSA, and further arguing that Plaintiffs have not alleged sufficient facts to satisfy the requirements of Federal Rule 23(b), making the amendment futile.  (Dkt. # 14.)  Plaintiffs filed a Reply on June 24, 2016.  (Dkt. # 15).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 allows a party to "amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The policy of the Federal Rules is to permit liberal amendment."  Carroll v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981)). However, the "decision to grant [or deny] leave is within the discretion of the trial court," and the trial court should deny leave where it can articulate "a substantial reason" for doing so.  Matter of Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996).  Accordingly, when determining whether to grant leave to amend pleadings, a court should deny leave if there exist "such factors as undue delay . . . undue prejudice to the opposing party, and futility of amendment."  Id.  Futility "mean[s] that the amended complaint would fail to state a claim upon which relief could be

3

granted."  Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

"[T]o determine futility, [the Court] will apply 'the same standard of legal

sufficiency as applies under Rule 12(b)(6).'"  Id. (quoting Shane v. Fauver, 213

F.3d 113, 115 (3d Cir. 2000)).

ANALYSIS

"[S]tate law claims are preempted by the FLSA to the extent the

plaintiff seeks damages for unpaid minimum wages or unpaid overtime

compensation."  Coberly v. Christus Health, 829 F. Supp. 2d 521, 525 (N.D. Tex.

2011) (collecting cases) (finding where plaintiff's alleged damages are for unpaid

minimum and overtime wages, a breach of contract claim is preempted by the

FLSA); Lilani v. Noorali, No. H–09–2617, 2011 WL 13667, at *7 (S.D. Tex. Jan.

3, 2011) (a "breach-of-contract cause of action, to the extent it seeks unpaid

minimum wages or overtime compensation, is preempted by the FLSA because it

is duplicative and would impede 'the accomplishment and execution of the full

purposes and objectives of Congress'" (quoting Empacadora de Carnes de

Fresnillo, S.A. de C.V., v. Curry, 476 F.3d 326, 333 (5th Cir. 2007))).

Likewise, a quantum meruit claim which merely "seeks payment for

employment services rendered . . . is preempted . . . by the FLSA."  Lilani, 2011

WL 13667, at *12; see Guerrero v. JPMorgan Chase & Co., No. 6:09–CV–388,

2010 WL 457144, at *4 (E.D. Tex. Feb. 5, 2010) ("The FLSA provides the

4

exclusive remedy for violation of its mandates and pre-empts Plaintiff's FLSA-based state law claims.").

However, this is not an absolute rule and certain breach of contract or quantum meruit claims are not preempted by the FLSA; for example, courts have found the savings clause of the FLSA, 29 U.S.C. § 218(a), permits claims to be brought under state wage and hour laws whose protections are more stringent than those provided by the FLSA. See McLeland v. 1845 Oil Field Servs., 97 F. Supp. 3d 855, 863 (W.D. Tex. 2015).

Here, Plaintiffs seek to amend their complaint to add class action allegations to pursue not only their claims for breach of contract and quantum meruit, but also their claims under the FLSA. (Dkt. # 11; "Proposed Am. Compl.," Dkt. # 14, Ex. A ¶¶ 35–54.) The basis for each of these claims, as alleged, falls squarely within the FLSA.

A. Whether Plaintiffs should be granted leave to amend to bring class action claim under the FLSA

Plaintiffs' Proposed Amended Complaint seeks to add a class action allegation for violations of the FLSA. (Proposed Am. Compl. ¶¶ 36–42.) However, the FLSA explicitly states that claims for unpaid minimum wages or unpaid overtime compensation pursuant to sections 206 and 207 of the Act must be brought pursuant to a collective action mechanism, whereby potential plaintiffs

5

"opt-in," rather than as a class action, whereby plaintiffs "opt out" of the suit.[2]  See

29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action

unless he gives his consent in writing to become such a party and such consent is

filed in the court in which such action is brought.").  Accordingly, the law

precludes Plaintiffs from bringing an FLSA suit as a Rule 23 class action.  See id.;

Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 916 (5th Cir. 2008) ("There is a

fundamental, irreconcilable difference between the class action described by Rule

23 and that provided for by FLSA § 216(b) (quoting LaChapelle v. Owens–Ill.,

Inc., 513 F.2d 286, 288 (5th Cir. 1975)).)  Plaintiffs have failed to state a class

action complaint under the FLSA upon which relief can be granted.  See Stripling,

234 F.3d at 873.  Accordingly, granting leave to amend the complaint to add this

cause of action would be futile.  See Matter of Southmark Corp., 88 F.3d at 315;

Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998).  Plaintiffs' Motion for

Leave to Amend Complaint to add this claim is **DENIED**.  (Dkt. # 11.)

   B.  Whether Plaintiffs should be granted leave to amend to add class action
       claim for breach of contract

            Plaintiffs state that Rockwater breached its contract with Plaintiffs

when it failed to compensate them for their service 24 hours per day, despite an

---

[2] "The FLSA allows an employee to bring a claim on behalf of other similarly-situated employees, but the other employees do not become plaintiffs in the action unless they consent in writing.  See Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 915–16 (5th Cir. 2008).

agreement to pay "at a certain hourly rate, plus overtime, for all hours spent on assignment without deductions for time off active duty."  (Proposed Am. Compl. ¶ 48.)

The Code of Federal Regulations states that "[a]n employee who resides on his employer's premises . . . for extended periods of time is not considered as working all the time he is on the premises."  29 C.F.R. § 785.23. Because it is "difficult to determine the exact hours worked under these circumstances . . . any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted."  Id.; see Alldread v. City of Grenada, 988 F.2d 1425, 1429 (5th Cir. 1993) (explaining that "FLSA regulations specifically address the compensability of sleep time"); Alvarez v. AMB-Trans, Inc., 2012 WL 5453518, at *6-7 (W.D. Tex. Nov. 7, 2012) (considering defendant company's sleep policy and FLSA regulations regarding compensable sleep time).

While Plaintiffs seek to amend their complaint to add a class action complaint for breach of contract, they acknowledge that this issue is explicitly addressed by the FLSA regulations.  (Proposed Am. Compl. ¶¶ 27–31.)  Plaintiffs' contract with Rockwater is important to determine whether Rockwater is exempt from paying Plaintiffs for an off-duty sleeping period, the contract – at least as it is described in the proposed amended complaint – does not support a cause of action

for breach of contract separate and apart from Plaintiffs' claims under the FLSA.

Accordingly, these claims, which may be brought as a collective action under the

FLSA, cannot also be brought as a class action for breach of contract.  See

Coberly, 829 F. Supp. 2d at 525; see also Botello v. COI Telecom, LLC, No. SA–

10–cv–305, 2010 WL 3784202, at *4 (W.D. Tex. Sept. 21, 2010) ("The FLSA

provides the exclusive remedy for violation of its mandates and pre-empts

Plaintiff's FLSA-based state law claims.").

Plaintiffs' Proposed Amended Complaint fails to state a class action

complaint for breach of contract upon which relief can be granted.  See Stripling,

234 F.3d at 873.  Accordingly, granting Plaintiffs leave to amend their complaint

on this basis would be futile.  See Matter of Southmark Corp., 88 F.3d at 315;

Jacobsen, 133 F.3d at 318.  Plaintiffs' Motion for Leave to Amend Complaint to

add this claim is **DENIED**.  (Dkt. # 11.)

C. Whether Plaintiffs should be granted leave to amend to bring quantum
   meruit class action claim

Plaintiffs also seek leave to amend their complaint to bring a class

action claim in quantum meruit, alleging that "Plaintiffs and Class members

furnished valuable services and/or materials to Defendant, which were accepted by

Defendant, under such circumstances as reasonably notified Defendant that

Plaintiffs, in performing, expected to be paid by the recipient."  (Proposed Am.

Compl. ¶ 53.)  As explained above, the FLSA preempts any quantum meruit claim

8

which merely "seeks payment for employment services rendered."  Lilani, 2011

WL 13667, at *12; Guerrero, 2010 WL 457144, at *4; Botello, 2010 WL 3784202,

at *4 ("Plaintiff's claims for quantum meruit . . . should be dismissed" due to

preemption by the FLSA).

The quantum meruit claim stated in the Proposed Amended

Complaint seeks only compensation for employment services; such a claim is

preempted by the FLSA, and is not appropriately brought as a class action.  See

Lilani, 2011 WL 13667, at *12; Guerrero, 2010 WL 457144, at *4.  Accordingly,

granting Plaintiffs leave to amend their complaint on this basis would be futile.

See Matter of Southmark Corp., 88 F.3d 311 at 15; Jacobsen, 133 F.3d at 318.

Plaintiffs' Motion for Leave to Amend Complaint to add this claim is **DENIED**.

(Dkt. # 11.)

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to Amend

Complaint is **DENIED WITHOUT PREJUDICE** (Dkt. # 11).

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 7, 2016.

_____

David Alan Ezra
Senior United States Distict Judge